IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | | |
|---|---|---|
| TRACY LARANCE GORDON, PRO SE, | § | |
| TDCJ-CID No. 1134486 | § | |
| Georgia ID No. 192497 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0328 |
| | § | |
| D. PATEL, Dr., | § | |
| F. BAXTER, FHA, and | § | |
| AHIA SHABAAZ, FNP, MSN, MPH, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff TRACY LARANCE GORDON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Plaintiff claims he has been harmed by defendant Dr. PATEL because he did not provide the proper medical treatment for plaintiff's right ring finger. Plaintiff claims defendant BAXTER did not acknowledge or satisfactorily resolve plaintiff's three written complaints. Plaintiff claims defendant SHABAAZ is Director of Clinical Services of TDCJ Health Services and failed to properly investigate plaintiff's complaint.

Plaintiff requests an award of $100.00 in compensatory relief, $85,750.00 in punitive damages, and injunctive relief to provide him withy proper medical treatment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff alleges he hurt his right ring finger on January 21, 2005 while exercising and saw defendant Dr. PATEL on January 22nd.  Plaintiff states Dr. PATEL looked at his finger and said he would have to look further into his injured finger, saying he didn't know what was wrong. Plaintiff alleges he next saw Dr. PATEL on February 13, 2005, who then opined that the finger was just swollen and that it would be okay.  Plaintiff states he submitted another sick call request on March 3, 2005 and was finally given an X-ray.  Plaintiff alleges the X-ray showed the tendons in his

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

finger are severely damaged and that Dr. PATEL then gave him pain medication but made no attempt to fix his finger.  Plaintiff further alleges that, on April 14, 2005, he saw Dr. PATEL for the fourth time and was told it was an old injury and there was nothing PATEL could do for it.  Plaintiff states he has seen PATEL a total of seven times and that his finger still causes him a lot of pain and discomfort.  Plaintiff contends that proper medical care would not have left him in such discomfort.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Codes section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976).  Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

By alleging medical malpractice or negligence, plaintiff has not stated a claim of constitutional dimension.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Plaintiff's claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, plaintiff's claims against defendants BAXTER and SHABAAZ are simply that they did not adequately investigate or satisfactorily resolve his complaints against PATEL. Plaintiff does not allege any fact to show that either BAXTER or SHABAAZ knew of facts indicating he was in substantial danger of serious harm, drew such an inference from such facts, and ignored the danger. Thus, plaintiff has failed to state a claim on which relief can be granted against either BAXTER or SHABAAZ.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff TRACY LARANCE GORDON is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this __27th__ day of April, 2006.

/s/ Mary Lou Robinson_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE